IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) CIVIL ACTION<br>) FILE NO. <u>4-12-cv-72 (CDL)</u><br>) |
| MICHAEL A. EDDINGS, THE LAW OFFICE OF MICHAEL A. EDDINGS, P.C., and APEX TITLE, INC., | )<br>)<br>)<br>) |
| Defendants. | ) |

## **COMPLAINT**

COMES NOW, plaintiff in the above-named and stated matter and sets forth this Complaint, showing this Court as follows:

### PARTIES, JURISDICTION, VENUE AND SERVICE

1.

Plaintiff FEDERAL NATIONAL MORTGAGE ASSOCIATION ("Plaintiff" or "Fannie Mae") is a government-sponsored enterprise ("GSE") chartered by an Act of Congress, 12 U.S.C. § 1716 et seq., with its principal place of business in Washington, District of Columbia, and is deemed to be a resident of the District of Columbia. See 12 U.S.C. § 1717(a)(1).

2.

Defendant MICHAEL A. EDDINGS ("Attorney Eddings") is an attorney licensed to practice law in the State of Georgia and an individual resident of Muscogee County, Georgia and may be served with process at 860 Brookstone Centre Parkway, Suite B, Columbus, Muscogee County, Georgia 31904, or at such other place where he may be found.

3.

Defendant THE LAW OFFICE OF MICHAEL A. EDDINGS P.C. ("Eddings Law Firm") is a domestic professional corporation with its principal office located in Muscogee County, Georgia and may be served with process via its Registered Agent and/or owner, Michael A. Eddings, at 860 Brookstone Centre Parkway, Suite B, Columbus, Muscogee County, Georgia 31904, or at such other it may be found.

4.

Defendant APEX TITLE, INC. ("Apex Title") is an Alabama corporation licensed to do business in the State of Georgia with its principal office located in Muscogee County, Georgia and may be served with process via its Registered Agent and/or owner, Michael A. Eddings, at 860 Brookstone Centre Parkway, Suite B, Columbus, Muscogee County, Georgia 31904, or at such other it may be

found.

5.

Defendants are each subject to the jurisdiction of this Court. Venue is proper in this Court.

6.

This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, as complete diversity exists between plaintiff and each defendant and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

## FACTS

*Closing # 1 – The 11th Avenue Property*

7.

On or about October 21, 2011, Attorney Eddings, Eddings Law Firm and/or Apex Title, as closing attorneys/settlement agents, conducted a cash-sale real estate closing of the real property commonly known as 4731 11th Avenue, Apt. 6, Columbus, Georgia 31904 (the "11th Avenue Property") at the offices of the Eddings Law Firm/Apex Title.

8.

At the real estate closing of the 11th Avenue Property, Fannie Mae participated as the seller and Tripp Blankenship ("Blankenship") and Jim Blalock

("Blalock") participated as the purchasers.

9.

As purchasers of the 11th Avenue Property, Blankenship and Blalock agreed to tender the contract sales price of the 11th Avenue Property, $40,000.00, plus additional fees and charges, which funds, upon information and belief, were tendered by or on behalf of Blankenship and Blalock at the real estate closing of the 11th Avenue Property and deposited into the escrow/IOLTA account belonging to and controlled by defendants, as shown by the wire transfer receipts attached hereto and incorporated herein by this reference as Exhibits "A" and "B".

10.

As the seller of the 11th Avenue Property, Fannie Mae was due to receive the amount of $37,600.25 in cash proceeds from its sale of the 11th Avenue Property.

11.

A true and correct copy of the HUD-1 Settlement Statement memorializing the 11th Avenue Property real estate closing, and executed by defendants as settlement agents, is attached hereto and incorporated herein by this reference as Exhibit "C".

12.

To date, Fannie Mae has received no cash proceeds from its sale of the 11th Avenue Property.

13.

Upon information and belief, defendants kept, converted, mishandled, and misappropriated the $37,600.25 in proceeds due to Fannie Mae for their own uses, having failed to disburse any of the cash proceeds to plaintiff.

*Closing # 2 – The Summerbrooke Lane Property*

14.

On or about October 27, 2011, Attorney Eddings, Eddings Law Firm and/or Apex Title, as closing attorneys/settlement agents, conducted a lender-financed real estate closing of the real property commonly known as 5207 Summerbrooke Lane, Phenix City, Alabama 36867 (the "Summerbrooke Lane Property") at the offices of the Eddings Law Firm/Apex Title.

15.

At the real estate closing of the Summerbrooke Lane Property, Fannie Mae participated as seller and Vickie Hubbard Turner ("Turner") participated as purchaser.

16.

As purchasers of the Summerbrooke Lane Property, Turner agreed to tender the contract sales price of the Summerbrooke Lane Property, $197,000.00, plus additional fees and charges, which funds, upon information and belief, were tendered by or on behalf of Turner at the real estate closing of the Summerbrooke Lane Property.

17.

Indeed, upon information belief, on or about October 27, 2011, Turner's mortgage lender, Crescent Mortgage Company, wired funds totaling $194,137.49 into the escrow/IOLTA account belonging to and controlled by defendants, as shown by the wire transfer receipt attached hereto and incorporated herein by this reference as Exhibit "D".

18.

As the seller of the Summerbrooke Lane Property, Fannie Mae was due to receive the amount of $174,825.20 in cash proceeds from its sale of the Summerbrooke Lane Property.

19.

A true and correct copy of the HUD-1 Settlement Statement memorializing the Summerbrooke Lane closing is attached hereto and incorporated herein by this

reference as Exhibit "E".

20.

To date, Fannie Mae has received no cash proceeds from its sale of the Summerbrooke Lane Property.

21.

Upon information and belief, defendants kept, converted, mishandled, and misappropriated the $174,825.20 in proceeds due to Fannie Mae for their own uses, having failed to disburse any of the cash proceeds to plaintiff.

COUNT I - NEGLIGENCE

22.

Paragraphs 1-21 of this Complaint are incorporated into this Count herein by this reference as if fully stated herein.

23.

As closing attorneys/settlement agents, Attorney Eddings, Eddings Law Firm, and Apex Title owed duties imposed by the legal profession and by law and those standards ordinarily exercised by closing attorneys/settlement agents to handle and disburse the funds exchanged and received at 11th Avenue Property and Summerbrooke Lane Property closings appropriately, honestly and with due care, which funds, at all times, belonged to other parties, including plaintiff.

24.

By intentionally or unintentionally misappropriating and mishandling the funds exchanged at the real estate closings of the 11th Avenue Property and Summerbrooke Lane Property and failing to tender the cash proceeds owed to plaintiff, Attorney Eddings, Eddings Law Firm and Apex Title breached their duty to handle and disburse the funds exchanged and received at 11th Avenue Property and Summerbrooke Lane Property closings appropriately, honestly and with due care and to comport themselves in accordance with the standards of the legal profession and those duties typically exercised by closing attorneys/settlement agents in Georgia.

25.

Defendants' breach of duty was the proximate cause of plaintiff's monetary damages of no less than $212,425.45, in the form of lost cash proceeds from the sales of the 11th Avenue Property and Summerbrooke Lane Property, as set forth herein.

26.

Plaintiffs, alternatively, lost ownership, possession, and control of the 11th Avenue Property and Summerbrooke Lane Property without just compensation for same as a result of defendants' breach of duty.

27.

A true and correct copy of the expert Affidavit of Charles Eric Burkett is attached hereto and incorporated herein by this reference as Exhibit "F" pursuant to O.C.G.A. § 9-11-9.1(a).

28.

As a result of defendants' negligence, plaintiff seeks compensatory and other damages to be determined by a trier of fact.

## COUNT II - BREACH OF FIDUCIARY DUTY

29.

Paragraphs 1-28 of this Complaint are incorporated into this Count herein by this reference as if fully stated herein.

30.

As closing attorneys/settlement agents, Attorney Eddings, Eddings Law Firm, and Apex Law Firm acted as fiduciaries of plaintiff.

31.

By intentionally or unintentionally misappropriating and mishandling the funds exchanged at the real estate closings of the 11th Avenue Property and Summerbrooke Lane Property and failing to tender the cash proceeds owed to plaintiff, a portion of which funds were in defendants' possession and control in

the escrow/IOLTA account belonging to and controlled by Attorney Eddings, the Eddings Law Firm and/or Apex Title, defendants breached their fiduciary obligation to plaintiff to handle the funds exchanged and received at 11th Avenue Property and Summerbrooke Lane Property closings appropriately, honestly and with due care and to disburse those funds to the parties to whom they were due and owing.

32.

Defendants' breach of fiduciary duty was the proximate cause of plaintiff's monetary damages of no less than $212,425.45, in the form of lost cash proceeds from the sales of the 11th Avenue Property and Summerbrooke Lane Property, as set forth herein.

33.

Plaintiff, alternatively, lost ownership, possession, and control of the 11th Avenue Property and Summerbrooke Lane Property without just compensation for same as a result of defendants' breach of fiduciary duty.

## COUNT III - BREACH OF CONTRACT

34.

Paragraphs 1-33 of this Complaint are incorporated into this Count herein by this reference as if fully stated herein.

35.

As closing attorneys/settlement agents, defendants herein had a contractual/agency relationship with Fannie Mae to conduct the real estate closings of the 11th Avenue Property and Summerbrooke Lane Property appropriately, ethically, and in accordance with the appropriate state law, and to disburse the funds exchanged at the closings to the parties to whom they were due and owing.

36.

By intentionally or unintentionally misappropriating and mishandling the funds exchanged at the real estate closings of the 11th Avenue Property and Summerbrooke Lane Property and failing to tender the cash proceeds owed to plaintiff, defendants breached their contractual obligations owed to plaintiff.

37.

Defendants' breach of contract was proximate cause of plaintiff's monetary damages of no less than $212,425.45, in the form of lost cash proceeds from the sales of the 11th Avenue Property and Summerbrooke Lane Property, as set forth herein.

38.

Plaintiffs, alternatively, lost ownership, possession, and control of the 11th Avenue Property and Summerbrooke Lane Property without just compensation for

same as a result of defendants' breach of contract.

## COUNT IV - CONVERSION

39.

Paragraphs 1-38 of this Complaint are incorporated into this Count herein by this reference as if fully stated herein.

40.

Defendants converted and misappropriated the cash proceeds from the real estate closings of the 11th Avenue Property and Summerbrooke Lane Property, which proceeds belonged to plaintiff, for their own use and benefit.

41.

Further, upon information and belief Tripp Blankenship and Jim Blalock received a Warranty Deed for the 11th Avenue Property, prepared and recorded on plaintiff's behalf by defendants.

42.

Plaintiff has demanded in writing that defendants return to plaintiff the cash proceeds from the two real estate closings described herein. See Exhibit "G" hereto.

43.

Defendants neglected and refused to respond to plaintiff's demand.

44.

As a consequence of their conversion and misappropriation of the cash proceeds from the real estate closings of the 11th Avenue Property and Summerbrooke Lane Property, and the conversion of plaintiff's ownership, possession and control of the 11th Avenue Property and Summerbrooke Lane Property without just compensation for same, defendants are liable to plaintiffs in amount to be proven at trial.

### COUNT V - CIVIL RICO, O.C.G.A. § 16-14-1 *et seq.*

45.

Paragraphs 1-44 of this Complaint are incorporated into this Count herein by this reference as if fully stated herein.

46.

By converting and misappropriating the cash proceeds from the real estate closings of the 11th Avenue Property and Summerbrooke Lane Property, defendants were engaged in a criminal enterprise and a pattern of racketeering activity as defined by O.C.G.A. § 16-14-1 *et seq.*, as described herein.

47.

Defendants have further engaged in multiple predicate acts of racketeering activity, as defined by O.C.G.A. § 16-14-1 *et seq.*

48.

Defendants' actions as described herein caused injury and damages to plaintiff, and defendants are jointly and severally liable under the civil liability provisions of Georgia's RICO Act, including *inter alia* O.C.G.A. § 16-14-6, for three times plaintiff's actual damages sustained.

## COUNT VI - FRAUD

49.

Paragraphs 1-48 of this Complaint are incorporated into this Count herein by this reference as if fully stated herein.

50.

Defendants kept, converted, mishandled, and misappropriated the cash proceeds due and owing to plaintiff from the real estate closings of the 11th Avenue Property and Summerbrooke Lane Property, despite representing that plaintiff was due to receive cash proceeds from the sales of these properties in the HUD-1 Settlement Statements they prepared and executed as closing attorneys/settlement agents.

51.

Defendants made these statements, omissions, and misrepresentations of material fact relating to the 11th Avenue Property and Summerbrooke Lane

Property real estate closings, as described herein, with intent and with actual knowledge of their falsity and with intent to induce plaintiff to sell the 11th Avenue Property and Summerbrooke Lane Property.

52.

Plaintiff reasonably relied upon defendants' statements, omissions, and misrepresentations of material fact relating to the 11th Avenue Property and Summerbrooke Lane Property real estate closings to its detriment, causing damages and injury to plaintiff to be proven at trial and for which defendants are jointly and severally liable.

## COUNT VII - PUNITIVE DAMAGES

53.

Paragraphs 1-52 of this Complaint are incorporated into this Count herein by this reference as if fully stated herein.

54.

Defendants have acted with willful misconduct, malice, fraud, wantonness, oppression, and/or that entire want of care which raises the presumption of conscious indifference to the consequences of their actions.

55.

Defendants have further acted with the specific intent to cause harm to the

plaintiff herein as defined by O.C.G.A. § 51-12-5.1(f).

56.

Plaintiff therefore prays for an award of punitive damages against defendants, jointly and severally, in an amount to be determined at trial by the enlightened conscience of an impartial jury.

## COUNT VIII - O.C.G.A. § 13-6-11, ATTORNEY'S FEES AND EXPENSES

57.

Paragraphs 1-56 of this Complaint are incorporated into this Count herein by this reference as if fully stated herein.

58.

Defendants herein have acted in bad faith, have been stubbornly litigious, and have caused plaintiff unnecessary trouble and expense.

59.

Plaintiff therefore prays for an award of attorney's fees and expenses of litigation against defendants pursuant to O.C.G.A. § 13-6-11.

WHEREFORE, plaintiff prays for the following relief:

(1) That summons and process issue, and that defendants be required to appear and answer before this Court;

(2) That a jury of twelve (12) persons be empanelled to hear this cause;

(3)  That the relief prayed for in this Complaint be granted, and plaintiff be awarded actual damages, compensatory damages, punitive damages, other damages, and attorney's fees and litigation expenses against defendants, jointly and severally; and

(4)  That plaintiff receive such other and further relief as is just, proper and equitable.

Respectfully submitted this 22nd day of March, 2012.

MCCURDY AND CANDLER, L.L.C.

By: /s/ Todd H. Surden
Frank R. Olson
Georgia Bar No. 553077
Todd H. Surden
Georgia Bar No. 774046
Attorneys for Plaintiff

Six Piedmont Center, Suite 700
3525 Piedmont Road, NE
Atlanta, Georgia 30305
TEL: (404) 373-1612
FAX: (404) 370-7232