_Tripp's_

# BB&T
## Outgoing Wire Transfer Request Agreement

Date __October 20, 2011__  Branch __8620501__  Branch Phone # __706-660-1400__

Client Type __CLIENT__    C =Client Acct. Charged
                          F =Financial

Wire Transfer Amount $ __17,605.63__    Repetitive # _____

## OUTGOING WIRE

Bank Location __BB&T Bank of Georgia__

Application __CHECKING__   Debit Account __[redacted]__

Originator Name __JOSEPH TRIPP BLANKENSHIP__

__2609 FREMONT AVE__                        __COLUMBUS GA 31906-1346__
Street Address (No P.O. Box)                 City/State/ZIP

ID Proof __GDL 049422538 · exp 5/29/12__

Receiving Bank __SYNOVUS BANK__    Bank City/State __COLUMBUS, GA__

ABA/Routing __[redacted]__   Further Credit Bank _____

Beneficiary Account __[redacted]__

Beneficiary Name __LAW OFFICE OF MICHAEL A EDDINGS, P.C__

__860 BROOKSTONE CENTRE PKWY, STE B__         __COLUMBUS, GA  31904__
Street Address (No P.O. Box)                   City/State/ZIP

Originator Reference __111020-009054__

Originator to
Beneficiary Info _____

Bank to Bank Info __PURCHASING PROPERTY__

Note: The Bank Secrecy Act requires proper Identification and complete information from wire transfer originators and beneficiaries. BB&T clients who present funds from an outside source are requested to deposit funds to their account and send the wire via debit of said account.

### SEE REVERSE SIDE FOR ADDTIONAL CONTRACTUAL WIRE INFORMATION

I certify that the information concerning this wire transfer is correct and agree to be bound to the Terms and Conditions on the reverse side of this agreement.

_Joseph Tripp Blankenship_                    _[signature]_
Type or Print Client Name                      Client Signature/Authorized Company Signature

_[signature]_                                  October 20, 2011
Branch Representative Signature                Date

Requested By (if not same as Branch Representative)    Date

Approved By (if applicable)                             Date

8115(0810)        Retain the completed form in the branch for one (1) year.

"Exhibit" A

*Jim's*

# Beneficiary Transfer

Reference Number 20111020-00009650 is Pending Approval.

| | | |
|---|---|---|
| Branch 2107502 | BRADLEY PARK-BRANCH #4 | |
| Payment Amount | 17,605.62 USD  Rate | Contract Number |
| Debit Amount | 17,605.62 USD | Charge Party   None |
| Send Date  20OCT2011 | | Value Date  20OCT2011 |

## Debit Party

D/1▓▓▓▓▓▓▓▓▓▓
REALTY MANAGEMENT SERVICES INC
RENTAL ACCOUNT
6060 ROUND HILL RD
COLUMBUS GA 31904-2842

## Beneficiary

Is Beneficiary a Bank? No
/THE LAW OFFICE OF MICHAEL EDDINGS
ESCROW ACCOUNT
860 BROOKSTONE CENTRE PKWY STE B
COLUMBUS, GA 31904
30050766

## Beneficiary's Bank

A/▓▓▓▓▓▓▓
SYNOVUS BANK
COLUMBUS, GA

### Bank to Bank Information

### Originator to Beneficiary Information

PROPERTY: 11TH STREET
FROM JIM BLALOCK

"Exhibit" B

# A. Settlement Statement

U.S. Department of Housing and Urban Development

OMB Approval No. 2502-0265

## B. Type of Loan

| | | | 6. File Number | 7. Loan Number | 8. Mortgage Insurance Case Number |
|---|---|---|---|---|---|
| 1. ☐ FHA | 2. ☐ RHS | 3. ☒ Conv. Unins. | 11-0698 | | |
| 4. ☐ VA | 5. ☐ Conv. Ins. | | | | |

C. Note: This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agent are shown. Items marked "(p.o.c.)" were paid outside the closing; they are shown here for information purposes and are not included in the totals.

| D. Name and Address of Borrower | E. Name and Address of Seller | F. Name and Address of Lender |
|---|---|---|
| Tripp Blankenship<br>Jim Blalock<br>2609 Freemont Avenue<br>Columbus, GA 31906 | Fannie Mae a/k/a Federal National Mortgage Association<br>13455 Noel Road, Suite 600<br>Dallas, TX 75240 | CASH CLOSING |

| G. Property Location | H. Settlement Agent |
|---|---|
| 4731 11th Avenue, Apt. #6<br>Columbus, GA 31904 | The Law Office of Michael A. Eddings, P.C. |

| Place of Settlement | I. Settlement Date |
|---|---|
| 860 Brookstone Centre Pkwy<br>Suite B<br>Columbus, GA 31904 | 10/21/11<br>DD: 10/21/11 |

| J. SUMMARY OF BORROWER'S TRANSACTION: | | K. SUMMARY OF SELLER'S TRANSACTION: | |
|---|---|---|---|
| 100. GROSS AMOUNT DUE FROM BORROWER | | 400. GROSS AMOUNT DUE TO SELLER | |
| 101. Contract sales price | 40,000.00 | 401. Contract sales price | 40,000.00 |
| 102. Personal property | | 402. Personal property | |
| 103. Settlement charges to borrower (line 1400) | 387.00 | 403. | |
| 104. | | 404. | |
| 105. | | 405. | |
| Adjustments for items paid by seller in advance | | Adjustments for items paid by seller in advance | |
| 106. City/town taxes to | | 406. City/town taxes to | |
| 107. County taxes 10/21 to 12/31 | 100.25 | 407. County taxes 10/21 to 12/31 | 100.25 |
| 108. Assessment to | | 408. Assessment to | |
| 109. | | 409. | |
| 110. | | 410. | |
| 111. | | 411. | |
| 112. | | 412. | |
| 120. GROSS AMOUNT DUE FROM BORROWER | 40,487.25 | 420. GROSS AMOUNT DUE TO SELLER | 40,100.25 |
| 200. AMOUNTS PAID BY OR IN BEHALF OF BORROWER | | 500. REDUCTIONS IN AMOUNT TO SELLER | |
| 201. Deposit or earnest money | 4,000.00 | 501. Excess Deposit (see instructions) | |
| 202. Principal amount of new loan(s) | | 502. Settlement charges to seller (line 1400) | 2,500.00 |
| 203. Existing loan(s) taken subject to | | 503. Existing loans taken subject to | |
| 204. | | 504. Payoff of first mortgage loan | |
| 205. | | 505. Payoff of second mortgage loan | |
| 206. | | 506. | |
| 207. | | 507. | |
| 208. | | 508. | |
| 209. | | 509. | |
| Adjustments for items unpaid by seller | | Adjustments for items unpaid by seller | |
| 210. City/town taxes to | | 510. City/town taxes to | |
| 211. County taxes to | | 511. County taxes to | |
| 212. Assessment to | | 512. Assessment to | |
| 213. | | 513. | |
| 214. | | 514. | |
| 215. | | 515. | |
| 216. | | 516. | |
| 217. | | 517. | |
| 218. | | 518. | |
| 219. | | 519. | |
| 220. TOTAL PAID BY / FOR BORROWER | 4,000.00 | 520. TOTAL REDUCTION AMOUNT DUE SELLER | 2,500.00 |
| 300. CASH AT SETTLEMENT FROM OR TO BORROWER | | 600. CASH AT SETTLEMENT TO OR FROM SELLER | |
| 301. Gross amount due from borrower (line 120) | 40,487.25 | 601. Gross amount due to seller (line 420) | 40,100.25 |
| 302. Less amounts paid by/for borrower (line 220) | 4,000.00 | 602. Less reduction amount due to seller (line 520) | 2,500.00 |
| 303. CASH FROM BORROWER | 36,487.25 | 603. CASH TO SELLER | 37,600.25 |

 EXHIBIT  C

form HUD-1 (3/86) ref Handbook 4305.2

U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT  SETTLEMENT STATEMENT

| L. SETTLEMENT CHARGES: | | File Number: 11-0698 | | | PAID FROM BORROWER'S FUNDS AT SETTLEMENT | PAID FROM SELLER'S FUNDS AT SETTLEMENT |
|---|---|---|---|---|---|---|
| 700. TOTAL SALES/BROKER'S COMMIS | | based on price $ | @ | = | | |
| Division of commission (line 700) as follows: | | | | | | |
| 701. $ 1,000.00 to ERA Elite Ventures Realty | | | | | | |
| $ | to | | | | | |
| $ | to | | | | | |
| 702. $ 1,200.00 to Coldwell Banker Kennon Parker Duncan & Key | | | | | | |
| $ | to | | | | | |
| $ | to | | | | | |
| 703. Commission paid at Settlement | | | | | | 2,200.00 |
| 704. | | | | | | |
| 800. ITEMS PAYABLE IN CONNECTION WITH LOAN | | | | P.O.C. | | |
| 801. Loan Origination Fee | | % | | | | |
| 802. Loan Discount | | % | | | | |
| 803. Appraisal Fee | | to | | | | |
| 804. Credit Report | | to | | | | |
| 805. Lender's Inspection Fee | | to | | | | |
| 806. Mtg. Ins. Application Fee | | to | | | | |
| 807. Assumption Fee | | to | | | | |
| 808. | | | | | | |
| 809. | | | | | | |
| 810. | | | | | | |
| 811. | | | | | | |
| 812. | | | | | | |
| 813. | | | | | | |
| 814. | | | | | | |
| 815. | | | | | | |
| 900. ITEMS REQUIRED BY LENDER TO BE PAID IN ADVANCE | | | | | | |
| 901. Interest from | | to | @$ | /day | | |
| 902. Mortgage Insurance Premium | | | to | | | |
| 903. Hazard Insurance Premium | | | yrs. to | | | |
| 904. | | | | | | |
| 905. | | | | | | |
| 1000. RESERVES DEPOSITED WITH LENDER FOR | | | | | | |
| 1001. Hazard Insurance | | mo. @$ | | / mo. | | |
| 1002. Mortgage Insurance | | mo. @$ | | / mo. | | |
| 1003. City property taxes | | mo. @$ | | / mo. | | |
| 1004. County property taxes | | mo. @$ | | / mo. | | |
| 1005. Annual Assessments | | mo. @$ | | / mo. | | |
| 1006. | | mo. @$ | | / mo. | | |
| 1007. | | mo. @$ | | / mo. | | |
| 1008. Aggregate Reserve for Hazard/Flood Ins. City/Count | | | | | | |
| 1100. TITLE CHARGES | | | | | | |
| 1101. Settlement or closing fee | | to | | | | |
| 1102. Abstract or title search | | to | | | | |
| 1103. Title examination | | to Apex Title Inc | | | 175.00 | |
| 1104. Title Insurance binder | | to | | | | |
| 1105. Document preparation | | to | | | | |
| 1106. Notary fees | | to | | | | |
| 1107. Attorney's fees | | to The Law Office of Michael A. Eddings, P.C. | | 475.00W | | |
| (includes above Item No: | | ) | | | | |
| 1108. Title insurance | | to First American Title Insurance Co. | | | 120.00 | |
| (includes above Item No: | | ) | | | | |
| 1109. Lender's coverage | | | | | | |
| 1110. Owner's coverage 40,000.00 — 120.00 | | | | | | |
| 1111. Attorney Fee | | McCalla Raymer, LLC | | | | 300.00 |
| 1112. | | | | | | |
| 1113. | | | | | | |
| 1200. GOVERNMENT RECORDING AND TRANSFER CHARGES | | | | | | |
| 1201. Recording fees Deed $ 16.00 ; Mortgage $ ; Releases $ | | | | | 16.00 | |
| 1202. City/county/stamps Deed $ ; Mortgage $ | | | | | | |
| 1203. State tax/stamps Deed $ ; Mortgage $ | | | | | | |
| 1204. | | | | | | |
| 1205. | | | | | | |
| 1300. ADDITIONAL SETTLEMENT CHARGES | | | | | | |
| 1301. Survey | | to | | | | |
| 1302. Pest inspection | | to | | | | |
| 1303. | | | | | | |
| 1304. 2011 taxes | | Muscogee County Tax Commissioner | | | 511.98S | |
| 1305. Rekey Fee | | Affordable Locksmith | | | 76.00 | |
| 1306. | | | | | | |
| 1307. | | | | | | |
| 1308. | | | | | | |
| 1400. TOTAL SETTLEMENT CHARGES (enter on lines 103 and 502, Sections J and K) | | | | | 387.00 | 2,500.00 |

form HUD-1 (3/86) ref Handbook 4305.2

## HUD-1 CERTIFICATION

I have carefully reviewed the HUD-1 Settlement Statement and to the best of my knowledge and belief, it is a true and accurate statement of all receipts and disbursements made on my account or by me in this transaction. I further certify that I have received a copy of the HUD-1 Settlement Statement.

I, if the Purchaser/Borrower, acknowledge receipt in full of the loan proceeds, and if the Seller, acknowledge payment in full of the proceeds due me.

[X] If this transaction involves a sale, I agree to adjust the tax prorations shown on the Settlement Statement when the actual ad valorem tax bill is rendered.

[X] If this transaction involves a sale, as part of the consideration therefore, I agree that the contract between the parties is by reference incorporated herein and made a part hereof, and that the terms and conditions thereof shall survive the closing and shall not merge upon delivery of the deed.

I swear or affirm that I am of legal age and of sound mind, and that if I am the Seller, am a citizen of the United States of America, or if a corporation or other entity, am duly formed under the laws of the United States of America or one of the States thereof, and affirm my non-foreign status.

_____  
Borrower Tripp Blankenship

_____  
Borrower Jim Blalock

_____  
Borrower

_____  
Borrower

_____  
Seller Fannie Mae a/k/a Federal National Mortgage Association

_____  
Seller

_____  
Seller

To the best of my knowledge the HUD-1 Settlement statement which I have prepared is a true and accurate account of the funds which were received and have been or will be disbursed by the undersigned as part of the settlement of this transaction.

The Law Office of Michael A. Eddings, P.C.

_____ Date: October 21, 2011  
Settlement Agent

**WARNING:** It is a crime to knowingly make false statements to the United States on this or any other similar form. Penalties upon conviction can include a fine and imprisonment. For detail see: Title 18: U.S. Code, Sections 1001 and Section 1010.

REO #: A110RHM

WAIVER AND RELEASE REGARDING PROPERTY CONDITION AT CLOSING
THIS WAIVER AND RELEASE IS TO BE EXECUTED ONLY AT CLOSING

This Waiver and Release Regarding Property Condition at Closing is given by Jim Blalock and Tripp Blankenship ("Purchaser") to Fannie Mae A/K/A Federal National Mortgage Association organized and existing under the laws of the United States of America ("Seller") in connection with the purchase of the property located at 4731 11th Avenue Apt 6, Columbus, GA 31904 ("Property") pursuant to the contract of sale between Purchaser and Seller with a Acknowledgement Date of _____, 2011 ("Agreement").

Purchaser acknowledges that the Property was acquired by Seller by foreclosure deed in lieu of foreclosure, forfeiture, tax sale, right of eminent domain or similar process. Accordingly Seller has little or no direct knowledge concerning the condition of the property. Purchaser has inspected the Property or was given the right to inspect the Property to determine the condition of the Property and discover any defects. Purchaser acknowledges and accepts the Property in "AS IS" condition at the time of closing, including, without limitation, any hidden defects or environmental conditions affecting the Property (including but not limited to mold, mildew, microscopic organisms, lead paint, fuel oil, allergens, or other toxic substances of any kind), whether known or unknown and whether or not such defects or conditions were discoverable through inspection. Purchaser acknowledges that Seller, its agents and representatives have not made, and Seller specifically negates and disclaims, any representations, warranties, promises, covenants, agreements or guarantees, implied or express, oral or written in respect to

(1) the physical condition or any other aspect of the Property including the structural integrity or the quality or character of materials used in construction of any improvements, availability and quantity or quality of water, stability of the soil, susceptibility to landslide or flooding, sufficiency of drainage, water leaks, water damage, environmental conditions, or any other matter affecting the stability or integrity of the Property or Improvements;

(2) the conformity of the Property or the improvements to any zoning, land site or building code requirements or compliance with any laws, rules, ordinances or regulations of any federal, state or local governmental authority, or the granting of any required permits or approvals, if any, of any governmental bodies which had jurisdiction over the construction of the original structure, any improvements and/or any remodeling of the structure; and

(3) the habitability, merchantability, marketability, profitability or fitness for a particular purpose of the Property or Improvements including redhibitory vices and defects, apparent or latent, which now exist or which may hereafter exist and which if known to Purchaser, would cause Purchaser to refuse to purchase the property.

Purchaser represents and warrants to Seller the following:

(1) Purchaser is purchasing the Property solely in reliance on its own investigation and inspection of the Property and not on any information, representation or warranty provided or to be provided to the Seller, its servicers, representatives, brokers, employees, agents or assigns;

(2) Neither Seller, nor its servicers, employees, representatives, brokers, agents or assigns, has made any representations, warranties, implied or expressed, relating to the condition of the Property or the contents thereof, except to expressly set forth in the Contract; and

(3) Purchaser has not relied on any representation or warrant from seller regarding the nature, quality or workmanship of any repairs made by Seller.

(4) Purchaser has inspected or been given the opportunity to inspect any repairs made by Seller to the property and accepts the repairs under the terms and conditions of the Contract and such repairs have been performed to the complete satisfaction of Purchaser.

(5) Purchaser will not occupy or cause or permit others to occupy the Property unless and until any necessary certificate of occupancy, smoke detector certification, septic certification or any similar certification or permit has been obtained from the appropriate governmental entity.

AS A MATERIAL PART OF THE CONSIDERATION TO BE RECEIVED BY SELLER, UNDER THE TERMS OF THE CONTRACT AS NEGOTIATED BY PURCHASE AND SELLER, PURCHASER WAIVES

(A) ANY AND ALL CLAIMS ARISING FROM THE ADJUSTMENTS OR PRORATIONS OR ERRORS IN CALCULATING THE ADJUSTMENTS OR PRORATIONS THAT ARE OR MAY BE DISCOVERED AFTER CLOSING

(B) ANY CLAIMS FOR FAILURE OF CONSIDERATION AND/OR MISTAKE OF FACT AS SUCH CLAIMS RELATE TO THE PURCHASER OF THE PROPERTY OR ENTERING INTO OR THE EXECUTION OF AND CLOSING UNDER THIS AGREEMENT

(C) ANY REMEDY OF ANY KIND, OTHER THAN AS EXPRESSLY PROVIDED IN THE CONTRACT TO WHICH PURCHASER MIGHT OTHERWISE BY ENTITLED AT LAW OR EQUITY BASED ON MUTUAL MISTAKE OF FACT OR LAW OR OTHERWISE, INCLUDING BUT NOT LIMITED TO RESCISSION OF THIS AGREEMENT;

(D) TRIAL BY JURY, EXCEPT AS PROHIBITED BY LAW, IN ANY LITIGATION ARISING FROM OR CONNECTED WITH OR RELATED TO THIS AGREEMENT;

(E) ANY CLAIMS OR LOSSES PURCHASER MAY INCUR AS A RESULT OF CONSTRUCTION OR OTHER DEFECTS WHICH MAY NOW OR HEREAFTER EXIST WITH RESPECT TO THE PROPERTY; AND

(F) ANY RIGHT TO AVOID THIS SALE OR REDUCE THE PRICE OR HOLD SELLER RESPONSIBLE FOR DAMAGES ON ACCOUNT OF THE CONDITION OF THE PROPERTY, LACK OF SUITABILITY AND FITNESS, OR REDHIBITORY VICES AND DEFECTS, APPARENT, NONAPPARENT OR LATENT, DISCOVERABLE OR NONDISCOVERABLE;

(G) ANY CLAIM ARISING FROM ENCROACHMENTS, EASEMENTS, SHORTAGES IN AREA OR ANY OTHER MATTER WHICH WOULD BE DISCLOSED OR REVEALED BY A SURVEY OR INSPECTION OF THE PROPERTY OR SEARCH OF PUBLIC RECORDS.

IF THE PROPERTY IS LOCATED IN CALIFORNIA THE FOLLOWING PARAGRAPHS SHALL APPLY:

It is the intention of Purchaser in executing this release that it shall be effective as a bar to each and every claim, demand and cause of action hereinabove specified and in furtherance of this Purchaser hereby expressly waives any and all rights and benefits conferred by the provisions of Section 1542 of the Civil Code of the State of California, which reads:

> "A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor"

Purchaser expressly consents that this release shall be given full force and effect as to all of its terms and provisions including as well those relating to unsuspected claims demands and causes of notion hereinabove specified. If any provision of this release be invalid or unenforceable it is the intention of the Purchaser that all of the other provisions shall be fully valid and enforceable according to their terms.

The invalidity, illegality, or enforceability of any provision of the Addendum shall not affect the validity or enforceability of any other provision of this Addendum, all of which shall remain in full force and effect.

Executed this _____ day of _____ 2011.

Witnesses: _____  Purchaser: _____
                                     Jim Blalock

                                     _____
                                     Tripp Blankenship

# FedPayments Manager℠ -- Funds

| | | | |
|---|---|---|---|
| Environment: | Prod | ABA: | ▓▓▓▓▓▓ |
| Mode: | Prod | Service Unit: | 05320235 |
| Cycle Date: | 10/27/2011 | System Date/Time: | 10/27/2011 11:22:34 |

| | | | |
|---|---|---|---|
| Status: | Completed | Message Type: | Standard |
| Create Time: | 10/27/2011 11:11:30 | Test/Prod: | Prod |
| IMAD: | 20111027 QMGFT006 000558 10271116 | | |
| OMAD: | 20111027 F1QCZ70C 000300 10271116 | | |
| Template Name: | CMC | | |

**BASIC INFORMATION**

| | |
|---|---|
| Sender ABA {3100}: | ▓▓▓▓▓▓ COMM FIRBK CHAS SC |
| Receiver ABA {3400}: | ▓▓▓▓▓▓ CB&T BANK |
| Amount {2000}: | 194,137.49 |
| Type Code {1510}: | 1000 - Transfer of Funds |
| Business Function {3600}: | CTR - Customer Transfer |
| Reference Number {3320}: | 6 |

**INSTITUTION INFORMATION**

Originator {5000}
- ID Code: D - DDA Account Number
- Identifier: ▓▓▓▓▓▓
- Name: CRESCENT MORTGAGE COMPANY
- Address: 5901 PEACHTREE DUNWOODY ROAD NE
  BLDG C SUITE 250
  ATLANTA GA 30328

Beneficiary {4200}
- ID Code: D - DDA Account Number
- Identifier: ▓▓▓▓▓▓
- Name: MICHAEL A EDDINGS PC

Originator to Beneficiary {6000}
- Text: NAME: TURNER VICKIE
  LOAN #: ▓▓▓▓▓▓

10/27/2011 11:22:34                                           Page 1 of 1

"Exhibit" D

# A. Settlement Statement (HUD-1)



OMB Approval No. 2502-0265

| B. Type of Loan | | | | |
|---|---|---|---|---|
| 1. ☒ FHA  2. ☐ RHS  3. ☐ Conv. Unins.<br>4. ☐ VA   5. ☐ Conv. Ins. | 6. File Number<br>11-0702 | 7. Loan Number<br>▓▓▓▓▓▓▓ | 8. Mortgage Insurance Case Number<br>011-7237237-703 | |

C. Note: This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agent are shown. Items marked "(p.o.c)" were paid outside the closing; they are shown here for informational purposes and are not included in the totals.

| D. Name and Address of Borrower | E. Name and Address of Seller | F. Name and Address of Lender |
|---|---|---|
| Vickie Hubbard Turner<br>5207 Summerbrooke Lane<br>Phenix City, AL 36867 | Federal National Mortgage Association<br>14221 Dallas Parkway, Ste. 1000<br>Dallas, TX 75254 | Crescent Mortgage Company<br>5901 Peachtree Dunwoody Rd, NE, Bldg C<br>Suite 250, Atlanta, GA 30328 |

| G. Property Location | H. Settlement Agent |
|---|---|
| 5207 Summerbrooke Lane<br>Phenix City, AL 36867 | Apex Title, Inc. |

| | Place of Settlement | I. Settlement Date |
|---|---|---|
| | 860 Brookstone Centre Parkway<br>Suite B<br>Columbus, Georgia 31904 | 10/27/11<br>DD: 10/27/11 |

| J. SUMMARY OF BORROWER'S TRANSACTION: | | K. SUMMARY OF SELLER'S TRANSACTION: | |
|---|---|---|---|
| 100. GROSS AMOUNT DUE FROM BORROWER | | 400. GROSS AMOUNT DUE TO SELLER | |
| 101. Contract sales price | 197,000.00 | 401. Contract sales price | 197,000.00 |
| 102. Personal property | | 402. Personal property | |
| 103. Settlement charges to borrower (line 1400) | 9,883.70 | 403. | |
| 104. | | 404. | |
| 105. | | 405. | |
| Adjustments for items paid by seller in advance | | Adjustments for items paid by seller in advance | |
| 106. City/town taxes    to | | 406. City/town taxes    to | |
| 107. County taxes    to | | 407. County taxes    to | |
| 108. Assessment    to | | 408. Assessment    to | |
| 109. | | 409. | |
| 110. | | 410. | |
| 111. | | 411. | |
| 112. | | 412. | |
| 120. GROSS AMOUNT DUE FROM BORROWER | 206,883.70 | 420. GROSS AMOUNT DUE TO SELLER | 197,000.00 |
| 200. AMOUNTS PAID BY OR IN BEHALF OF BORROWER | | 500. REDUCTIONS IN AMOUNT TO SELLER | |
| 201. Deposit or earnest money | 500.00 | 501. Excess Deposit (see instructions) | |
| 202. Principal amount of new loan(s) | 192,006.00 | 502. Settlement charges to seller (line 1400) | 14,266.20 |
| 203. Existing loan(s) taken subject to | | 503. Existing loans taken subject to | |
| 204. | | 504. Payoff of first mortgage loan | |
| 205. Lender cure for transfer tax by CMC | 2.15 | 505. Payoff of second mortgage loan | |
| 206. | | 506. | |
| 207. | | 507. Deposit being disbursed as proceeds (500.00) | |
| 208. | | 508. | |
| 209. Borrower Costs Paid by Seller | 7,800.00 | 509. Borrower Costs Paid by Seller | 7,800.00 |
| Adjustments for items unpaid by seller | | Adjustments for items unpaid by seller | |
| 210. City/town taxes    to | | 510. City/town taxes    to | |
| 211. County taxes  10/01 to 10/27 | 108.60 | 511. County taxes  10/01 to 10/27 | 108.60 |
| 212. Assessment    to | | 512. Assessment    to | |
| 213. | | 513. | |
| 214. | | 514. | |
| 215. | | 515. | |
| 216. | | 516. | |
| 217. | | 517. | |
| 218. | | 518. | |
| 219. | | 519. | |
| 220. TOTAL PAID BY / FOR BORROWER | 200,416.75 | 520. TOTAL REDUCTION AMOUNT DUE SELLER | 22,174.80 |
| 300. CASH AT SETTLEMENT FROM OR TO BORROWER | | 600. CASH AT SETTLEMENT TO OR FROM SELLER | |
| 301. Gross amount due from borrower (line 120) | 206,883.70 | 601. Gross amount due to seller (line 420) | 197,000.00 |
| 302. Less amounts paid by/for borrower (line 220) | 200,416.75 | 602. Less reduction amount due to seller (line 520) | 22,174.80 |
| 303. CASH    FROM    BORROWER | 6,466.95 | 603. CASH    TO    SELLER | 174,825.20 |



EXHIBIT E

| L. SETTLEMENT CHARGES: | | File Number: 11-0792 | | PAID FROM BORROWER'S FUNDS AT SETTLEMENT | PAID FROM SELLER'S FUNDS AT SETTLEMENT |
|---|---|---|---|---|---|
| 700. Total Real Estate Broker Fees | | 10,785.00 | | | |
| Division of commission (line 700) as follows: | | | | | |
| 701. $ 5,910.00 to Keller Williams Realty | | | | | |
| $ 1,200.00 to Keller Williams Realty for Selling Bonus | | | | | |
| $ to | | | | | |
| 702. $ 4,925.00 to ERA Platinum Brokers | | | | | |
| $ to | | | | | |
| $ to | | | | | |
| 703. Commission paid at Settlement | | | | | 12,035.00 |
| 704. Technology Fee to Fannie Mae from LA | | | | | -50.00 |
| 705. | | | | | |
| 800. Items Payable in Connection with Loan | | | | P.O.C. | |
| 801. Our origination charge (Includes Origination Point(s) $6,701.20) $ 6,701.20 (from GFE#1) | | | | | |
| 802. Your credit or charge (points) for the specific interest rate chosen *** $ -4,619.66 (from GFE#2) | | | | | |
| 803. Your adjusted origination charges | | | (from GFE A) | 2,081.54 | |
| 804. Appraisal Fee FBMC for Knight Appraisal Company | | | (from GFE#3) | 420.00 | |
| 805. Credit Report FBMC for Merchants Credit | | | (from GFE#3) | 18.06 | |
| 806. Tax service | | | (from GFE#3) | | |
| 807. Flood certification FBMC for Corelogic | | | (from GFE#3) | 24.50 | |
| 808. | | | | | |
| 809. | | | | | |
| 810. | | | | | |
| 811. | | | | | |
| 812. | | | | | |
| 813. | | | | | |
| 814. | | | | | |
| 900. Items Required by Lender to Be Paid In Advance | | | | | |
| 901. Daily interest charges from 10/27/11 to 11/01/11 @$ 20.0006 /day (from GFE#10) 5 day(s) | | | | 100.00 | |
| 902. Mortgage Insurance Premium for to HUD | | | (from GFE#3) | 1,901.05 | |
| 903. Homeowner's insurance for 1 yr to USAA $ 1,138.20 (from GFE#11) | | | | 1,138.20 | |
| 904. | | | | | |
| 905. | | | | | |
| 1000. Reserves Deposited with Lender | | | | | |
| 1001. Initial deposit for your escrow account | | | (from GFE#9) | 487.12 | |
| 1002. Hazard Insurance 4 mo. @ $ 94.86 per mo. $ 379.44 | | | | | |
| 1003. Mortgage Insurance 0 mo. @ $ 160.65 per mo. $ | | | | | |
| 1004. City property taxes mo. @ $ per mo. $ | | | | | |
| 1005. County property taxes 3 mo. @ $ 148.70 per mo. $ 446.10 | | | | | |
| 1006. Annual Assessments mo. @ $ per mo. $ | | | | | |
| 1007. mo. @ $ per mo. $ | | | | | |
| 1008. mo. @ $ per mo. $ | | | | | |
| 1009. Aggregate Adjustment -$ 336.42 | | | | | |
| 1100. Title Charges | | | | | |
| 1101. Title services and lender's title insurance | | | (from GFE#4) | 605.00 | |
| 1102. Settlement or closing fee The Law Office of Michael A. Eddings $ 755.00 (from GFE#4) | | | | | |
| 1103. Owner's title insurance First American Title Insurance Co. | | | (from GFE#5) | 544.00 | |
| 1104. Lender's title insurance First American Title Insurance Co. $ 60.00 | | | | | |
| 1105. Lender's coverage 192,005.00 — 60.00 | | | | | |
| 1106. Owner's coverage 197,000.00 — 544.00 | | | | | |
| 1107. Agent's portion of the total title insurance premium The Law Office of Michael A. Eddings $ 446.50 | | | | | |
| 1108. Underwriter's portion of the total title insurance premium First American Title Insurance Co. $ 148.50 | | | | | |
| 1109. | | | | | |
| 1110. Wire fee The Law Office of Michael A. Eddings | | | | | 10.00 |
| 1111. Attorney fee McFadden, Lyon, & Rouse, LLC | | | | | 350.00 |
| 1112. | | | | | |
| 1113. | | | | | |
| 1200. Government Recording and Transfer Charges | | | | | |
| 1201. Government recording charges | | | (from GFE#7) | 61.00 | |
| 1202. Deed $ 14.00 Mortgage $ 47.00 Releases $ | | | | | |
| 1203. Transfer taxes | | | (from GFE#8) | | 298.15 |
| 1204. City/county tax/stamps Deed $ Mortgage $ | | | | | |
| 1205. State tax/stamps Deed $ 10.00 Mortgage $ 288.15 | | | | | |
| 1206. | | | | | |
| 1207. | | | | | |
| 1208. | | | | | |
| 1300. Additional Settlement Charges | | | | | |
| 1301. Required services that you can shop for | | | (from GFE#6) | 65.00 | |
| 1302. 2011 taxes Lee County Revenue Commissioner | | | | | 1,472.20 |
| 1303. Rekey fee A-Locksmith and Security | | | 42.00(B*) | | |
| 1304. Termite Inspection Jeff Henry Exterminating Company, In $ 65.00 (from GFE#6) | | | | | |
| 1305. Redemption Bond BBVA Compass | | | | 1,940.00 | |
| 1306. Home Warranty Home Buyers Resale Warranty Corp. | | | | | 449.00 |
| 1307. | | | | | |
| 1308. | | | | | |
| 1400. Total Settlement Charges (enter on lines 103, Section J and 502, Section K) | | | | 9,083.70 | 14,266.20 |

Paid Outside Closing: B* by Borrower
*** (Includes Discount Point(s) $-4,619.66)

## Comparison of Good Faith Estimate (GFE) and HUD-1 Charges

| Charges That Cannot Increase | HUD-1 Line Number | | Good Faith Estimate | HUD-1 |
|---|---|---|---|---|
| Our origination charge | # 801 | | 6,701.20 | 6,701.20 |
| Your credit or charge (points) for the specific interest rate chosen | # 802 | | -4,619.66 | -4,619.66 |
| Your adjusted origination charges | # 803 | | 2,081.54 | 2,081.54 |
| Transfer taxes | # 1203 | | 298.00 | 298.15 |
| State tax/stamps - Deed | $ 10.00 # 1205 | | | |
| State tax/stamps - Mortgage | $ 288.15 # 1206 | | | |

| Charges That in Total Cannot Increase More Than 10% | | | Good Faith Estimate | HUD-1 |
|---|---|---|---|---|
| Government recording charges | # 1201 | | 65.00 | 61.00 |
| Government recording charges - Deed | $ 14.00 # 1202 | | | |
| Government recording charges - Mortgage | $ 47.00 # 1202 | | | |
| Appraisal Fee | # 804 | | 450.00 | 420.00 |
| Credit Report | # 805 | | 18.06 | 18.06 |
| Flood certification | # 807 | | 24.50 | 24.50 |
| Mortgage Insurance Premium | # 902 | | 1,901.05 | 1,901.05 |
| Title services and lender's title insurance | # 1101 | | 2,007.24 | 805.00 |
| Owner's title insurance | # 1103 | | 650.00 | 544.00 |
| | TOTAL | | 5,115.85 | 3,773.61 |
| | Increase between GFE and HUD-1 Charges | $ | 0.00 or | 0.00 % |

| Charges That Can Change | | | Good Faith Estimate | HUD-1 |
|---|---|---|---|---|
| Initial deposit for your escrow account | # 1001 | | 672.09 | 487.12 |
| Daily interest charges | # 901 | $ 20.0006 /day | 340.01 | 100.00 |
| Homeowner's insurance | # 903 | | 840.00 | 1,138.28 |
| Termite Inspection | # 1304 | | 50.00 | 65.00 |

## Loan Terms

| | |
|---|---|
| Your initial loan amount is | $ 192,006.00 |
| Your loan term is | 30 years |
| Your initial interest rate is | 3.75 % |
| Your initial monthly amount owed for principal, interest, and any mortgage insurance is | $ 1,069.87 Includes<br>☒ Principal<br>☒ Interest --> $ 880.21<br>☒ Mortgage Insurance --> $ 180.66 |
| Can your interest rate rise? | ☒ No. ☐ Yes, it can rise to a maximum of ___%. The first change will be on ___ and can change again every ___ after ___. Every change date, your interest rate can increase or decrease by ___%. Over the life of the loan, your interest rate is guaranteed to never be lower than ___% or higher than ___% |
| Even if you make payments on time, can your loan balance rise? | ☒ No. ☐ Yes, it can rise to a maximum of $ ___ |
| Even if you make payments on time, can your monthly amount owed for principal, interest, and mortgage insurance rise? | ☒ No. ☐ Yes, the first increase can be on ___ and the monthly amount owed can rise to $ ___. The maximum it can ever rise to is $ ___ |
| Does your loan have a prepayment penalty? | ☒ No. ☐ Yes, your maximum prepayment penalty is $ ___ |
| Does your loan have a balloon payment? | ☒ No. ☐ Yes, you have a balloon payment of $ ___ due in ___ years on ___ |
| Total monthly amount owed including escrow account payments | ☐ You do not have a monthly escrow payment for items, such as property taxes and homeowner's insurance. You must pay these items directly yourself.<br>☒ You have an additional monthly escrow payment of $ 243.56 that results in a total initial monthly amount owed of $ 1,313.43. This includes principal, interest, any mortgage insurance and any items checked below:<br>☒ Property taxes --> $ 148.70  ☒ Homeowner's insurance --> $ 94.86<br>☐ Flood Insurance  ☐<br>☐  ☐ |

Note: If you have any questions about the Settlement Charges and Loan Terms listed on this form, please contact your lender.

# ATTACHMENT TO HUD-1 SETTLEMENT STATEMENT

I have carefully reviewed the HUD-1 settlement statement and to the best of my knowledge and belief, it is a true and accurate statement of all receipts and disbursements made on my account or by me in this transaction. I further certify that I have received a copy of the HUD-1 Settlement Statement.

Seller:

Buyer   Vickie Hubbard Turner

By: McFadden, Lyon & Rouse, LLC
As Its Attorney-In-Fact

Seller By: _____, Member

Seller _____

Seller _____

The HUD-1 Settlement Statement which I have prepared is a true and accurate account of this transaction. I have caused or will cause the funds to be disbursed in accordance with this statement.

Settlement Agent _____     Date _____

WARNING: It is a crime to knowingly make false statements to the United States on this or any other similar form. Penalties upon conviction can include a fine and imprisonment. For details see: Title 18 U.S.C. Sections 1001 and 1010.

usawar



# ADDENDUM TO HUD-1
# SETTLEMENT STATEMENT

<u>NOTICE TO ALL PARTIES:</u> If information is obtained which indicates that the source of the borrower's financial contribution is other than from the borrower or other than stated by the lender in its closing instructions, the settlement agent is to obtain written instructions from the lender before proceeding with settlement.

### CERTIFICATION OF BUYER IN AN FHA-INSURED LOAN TRANSACTION

I(We) certify that I(we) have no knowledge of any loans that have been or will be made to me (us) or loans that have been or will be assumed by me (us) for purposes of financing this transaction, other than those described in the sales contract dated _____ (including addenda). I(We) certify that I(we) have not been paid or reimbursed for any of the cash downpayment. I(We) certify that I(we) have not and will not receive any payment or reimbursement for any of my(our) closing costs which have not been previously disclosed in the sales contract (including addenda) and/or my(our) application for mortgage insurance submitted to my(our) mortgage lender.

_____      _____
Borrower Vickie Hubbard Turner              Date

### CERTIFICATION OF SELLER IN AN FHA-INSURED LOAN TRANSACTION

I(We) certify that I(we) have no knowledge of any loans that have been or will be made to the buyer(s), or loans that have been or will be assumed by the buyer(s), for purposes of financing this transaction, other than those described in the sales contract dated _____ (including addenda). I(We) certify that I(we) have not and will not pay or reimburse the buyer(s) for any part of the cash downpayment. I(We) certify that I(we) have not and will not pay or reimburse the buyer(s) for any part of the buyer's closing costs which have not been previously disclosed in the sales contract (including any addenda).

By: McFadden, Lyon & Rouse, LLC
    As Its Attorney-In-Fact

Seller
By: _____, Member    Date    Seller _____    Date

_____ _____    _____ _____
Seller                   Date       Seller                   Date

WARNING: It is a crime to knowingly make false statements to the United States on this or any other similar form. Penalties upon conviction can include a fine and imprisonment. For details, see: Title 18 U.S.C. Sections 1001 and 1010.

### CERTIFICATION OF SETTLEMENT AGENT IN AN FHA-INSURED LOAN TRANSACTION

To the best of my knowledge, the HUD-1 Settlement Statement which I have prepared is a true and accurate account of the funds which were (i) received, or (ii) paid outside closing, and the funds received have been or will be disbursed by the undersigned as part of the settlement of this transaction. I further certify that I have obtained the above certifications which were executed by the borrower(s) and seller(s) as indicated.

_____      _____
Settlement Agent                            Date

[The certifications contained herein may be obtained from the respective parties at different times or may be obtained on separate addenda]

WARNING: It is a crime to knowingly make false statements to the United States on this or any other similar form. Penalties upon conviction can include a fine and imprisonment. For details, see: Title 18 U.S.C. Sections 1001 and 1010.

usfwern



# HUD-1 CERTIFICATION

I have carefully reviewed the HUD-1 Settlement Statement and to the best of my knowledge and belief, it is a true and accurate statement of all receipts and disbursements made on my account or by me in this transaction. I further certify that I have received a copy of the HUD-1 Settlement Statement.

I, if the Purchaser/Borrower, acknowledge receipt in full of the loan proceeds, and if the Seller, acknowledge payment in full of the proceeds due me.

If this transaction involves a sale, I agree to adjust the tax prorations shown on the Settlement Statement when the actual ad valorem tax bill is rendered.

If this transaction involves a sale, as part of the consideration therefore, I agree that the contract between the parties is by reference incorporated herein and made a part hereof, and that the terms and conditions thereof shall survive the closing and shall not merge upon delivery of the deed.

I swear or affirm that I am of legal age and of sound mind, and that if I am the Seller, am a citizen of the United States of America, or if a corporation or other entity, am duly formed under the laws of the United States of America or one of the States thereof, and affirm my non-foreign status.

Borrower Vickie Hubbard Turner

By: McFadden, Lyon & Rouse, LLC
As Its Attorney-In-Fact
Seller Federal National Mortgage Association
By: _____, Member

Borrower _____

Seller _____

Borrower _____

Seller _____

Borrower _____

Seller _____

To the best of my knowledge the HUD-1 Settlement statement which I have prepared is a true and accurate account of the funds which were received and have been or will be disbursed by the undersigned as part of the settlement of this transaction.

The Law Office of Michael A. Eddings, P.C.

_____  Date: October 27, 2011
Settlement Agent

WARNING: It is a crime to knowingly make false statements to the United States on this or any other similar form. Penalties upon conviction can include a fine and imprisonment. For detail see: Title 18: U.S. Code, Sections 1001 and Section 1010.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

FEDERAL NATIONAL MORTGAGE ASSOCIATION,

    Plaintiff,

v.

MICHAEL A. EDDINGS, THE LAW OFFICE OF MICHAEL A. EDDINGS, P.C., and APEX TITLE, INC.,

    Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)

CIVIL ACTION
FILE NO. _____

## AFFIDAVIT OF CHARLES ERIC BURKETT

STATE OF GEORGIA

COUNTY OF FULTON

Personally appeared before the undersigned officer, duly appointed to administer oaths, Charles Eric Burkett, who, after being sworn deposes and states as follows:

1. I, Charles Eric Burkett, am an attorney licensed in good standing to practice law in the State of Georgia and have been so since 2005.

2. I am employed as a real estate closing attorney by McCurdy & Candler, LLC, where I have worked primarily as a real estate closing attorney since 2008 and closed approximately 2000 real property transactions during my



"Exhibit" F

employment.

3. I am competent to testify regarding those things about which I have personal knowledge; I am over the age of eighteen (18); and I suffer from no legal disabilities.

4. I base this Affidavit on my personal knowledge of the facts contained herein; this Affidavit is given in support of the complaint filed by plaintiff Federal National Mortgage Association ("FNMA") in this action.

5. Based upon my review of the wire transfer receipts evidencing the separate deposits made into defendants' escrow/IOLTA account by Tripp Blankenship, Jim Blalock, and Crescent Mortgage Company; the HUD-1 settlement statement memorializing the October 21, 2011, sale of the real property commonly known as 11th Avenue, Apt. 6, Columbus, Georgia 31904 (the "11th Avenue Property"); and the HUD-1 settlement statement memorializing the October 27, 2011, sale of the real property commonly known as 5207 Summerbrooke Lane, Phenix City, Alabama 36867 (the "Summerbrooke Lane Property"), and my experience and training as real estate closing attorney, it is my opinion that:

    a. Defendants MICHAEL A. EDDINGS (hereinafter "Attorney Eddings"), THE LAW OFFICE OF MICHAEL A. EDDINGS

P.C. (hereinafter "Eddings Law Firm") and APEX TITLE, INC. ("Apex Title") owed duties imposed by the legal profession and by law to handle and disburse the funds exchanged and received at 11th Avenue Property and Summerbrooke Lane Property closings appropriately, honestly and with due care, which funds, at all times, belonged to other parties, including FNMA;

b. By intentionally or unintentionally misappropriating and mishandling the funds exchanged at the real estate closings of the 11th Avenue Property and Summerbrooke Lane Property and failing to tender the cash proceeds owed to plaintiff, Attorney Eddings, Eddings Law Firm and Apex Title breached their duty to handle and disburse the funds exchanged and received at 11th Avenue Property and Summerbrooke Lane Property closings appropriately, honestly and with due care and to comport themselves in accordance with the standards of the legal profession;

c. Defendants' breach of duty was the proximate cause of money damages to FNMA, in the form of lost cash proceeds from the sales of the 11th Avenue Property and Summerbrooke Lane

Property, as set forth herein.

d. FNMA, alternatively, lost ownership, possession, and control of the 11th Avenue Property and Summerbrooke Lane Property without just compensation for same as a result of defendants' breach of duty.

FURTHER AFFIANT SAYETH NOT.

_____
Charles Eric Burkett

Sworn to and subscribed before
me this 22nd day of March, 2012.

_____
NOTARY PUBLIC

(NOTARIAL SEAL)



My Commission Expires: 4/6/14

4

# LAW OFFICES
# McCurdy & Candler, LLC

Six Piedmont Center, Suite 700
3525 Piedmont Road, NE
Atlanta, GA 30305

JULIUS A. McCURDY (1903 - 1993)
SCOTT CANDLER, JR. (1926 - 1994)
J. ROBIN HARRIS (1925 - 1989)

JOHN WALTER DRAKE
ALAN E. RAUBER
JOHN C. SAMMON
ANTHONY DEMARLO
SCOTT CANDLER, III
CLARK E. CANDLER
SIDNEY A. GELERNTER*
DONALD C. SUESSMITH, JR.
J. MICHAEL DUGAN*
DEBORAH Y. CHEEK
REBECCA A. HOELTING
MARGARET C. COURTRIGHT
FRANK J. RHODES, JR.
CHRISTIE G. HENNINGS
FRANK R. OLSON*
BRETT VERNER
JOHN D. ANDRLE

PATRICK N. TAGGART*
C. ERIC BURKETT
JESSICA A. PRICE
CHRISTINA PRITZ
TENNIELLE B. BAILEY
ROBERT J. WILKINSON*
DANIEL K. BARBAGELATA
BIANCA K. DAVIS
TODD H. SURDEN
PATRICIA A. LEAL
ELIZABETH A. CHILDERS
MICHAEL ALBINO
EDWIN CAPITAN
JENNIFER SHEN
SCOTT CANDLER, IV
C.W. CHRISTIAN SHEA

*ALSO ADMITTED IN TENNESSEE

DECATUR OFFICE:
250 E. Ponce de Leon Ave. Suite 400
Decatur, GA 30030

TELEPHONE: 404-373-1612
MAIN FAX: 404-370-7232

WEBSITE: WWW.MCCURDYCANDLER.COM

March 9, 2012

Michael A. Eddings, Esq.
860 Brookstone Centre Parkway
Suite B
Columbus, Georgia 31904

Re: October 21, 2011, closing of the real property commonly known as 4731 11th Avenue, Apt. 6, Columbus, Georgia 31904 (the "11th Avenue Property"), purchased by Tripp Blankenship and Jim Blalock from Federal Nation Mortgage Association ("Fannie Mae"); October 27, 2011, closing of the real property commonly known as 5207 Summerbrooke Lane, Phenix City, Alabama 36867 (the "Summerbrooke Lane Property"), purchased by Vicki Hubbard Turner from Fannie Mae

Dear Mr. Eddings:

This law firm represents Fannie Mae in connection with the above-referenced real estate closings.

As you know, you and your office functioned as the settlement agents/closing attorneys for these real estate closings; Fannie Mae was the seller of both properties. No funds, however, have been sent to Fannie Mae as a consequence of these closings, despite the formal conveyance of these properties to the purchasers and the tender of funds representing the contract sales price by or on behalf of the purchasers. Indeed, upon information and belief, funds were wired to your firm's IOLTA/trust account prior to the closings. Further, the HUD-1 Settlement Statements memorializing the real estate closings, both of which appear to contain your signature, indicate substantial cash proceeds due and owing to Fannie Mae.

This correspondence is a formal demand for immediate payment of the funds due to Fannie Mae in regard to the above-referenced real estate closings. Specifically, Fannie Mae is due and owing a total of $37,600.25 as proceeds of the sale of the 11th Avenue Property and $194,137.49 as proceeds of the sale of the Summerbrooke Lane Property, plus interest at a rate of 5% per annum. Should these funds not be received at the offices of the undersigned within seven (7) days of the date of this correspondence, Fannie Mae will have no other alternative than to pursue litigation against you and your firm. A copy of a draft complaint is attached hereto. Given the nature of the allegations against you and your firm, moreover, it may be advisable to place your malpractice insurance carrier on notice of Fannie Mae's claims.

Govern yourself accordingly.

Very truly yours,

Todd H. Surden

THS/
Encl.

"Exhibit"