```
             IN THE UNITED STATES DISTRICT COURT
             FOR THE MIDDLE DISTRICT OF GEORGIA
                       COLUMBUS DIVISION
```

FEDERAL NATIONAL MORTGAGE   *
ASSOCIATION,
                            *
    Plaintiff,
                            *
vs.                              CASE NO. 4:12-cv-72 (CDL)
                            *
MICHAEL A. EDDINGS, LAW OFFICE
OF MICHAEL A. EDDINGS, P.C., *
APEX TITLE, INC., TRIPP
BLANKENSHIP, JIM BLALOCK,   *
VICKIE HUBBARD TURNER, and
CRESCENT MORTGAGE COMPANY,

    Defendants.

<u>O R D E R</u>

This action arises from two real estate closings performed by attorney Michael A. Eddings, who was employed by Michael A. Eddings P.C., (collectively "Eddings"). Plaintiff, Federal National Mortgage Association ("Fannie Mae"), was the seller of the properties, and Defendants Joseph Tripp Blankenship and Jim Blalock were the purchasers of one of the properties. As part of the closing, Blankenship and Blalock made payment of the purchase price to Eddings as the closing agent with the understanding that Eddings would disburse the net sales proceeds to Fannie Mae. Fannie Mae alleges that Eddings never disbursed any of the net sales proceeds to it, although it executed a warranty deed conveying the property to Blankenship and Blalock. In addition to its claims against Eddings, Fannie Mae asserts

claims against Blankenship and Blalock for quia timet, O.C.G.A. § 23-3-40 *et seq.*, breach of contract, conversion, civil RICO, O.C.G.A. § 16-14-1 *et seq.*, and fraud.  It seeks monetary damages and declaratory judgment.  Blankenship and Blalock have filed a motion to dismiss all claims against them for failure to state a claim (ECF No. 23).  For the following reasons, the Court grants their motion.

## MOTION TO DISMISS STANDARD

When considering a 12(b)(6) motion to dismiss, the Court must accept as true all facts set forth in the plaintiff's complaint and limit its consideration to the pleadings and exhibits attached thereto.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  The complaint must include sufficient factual allegations "to raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555.  "[A] formulaic recitation of the elements of a cause of action will not do[.]"  *Id.*  Although the complaint must contain factual allegations that "raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claims, *id.* at 556,

2

"Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because 'it strikes a savvy judge that actual proof of those facts is improbable,'" *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly,* 550 U.S. at 556).

## FACTUAL ALLEGATIONS

The following facts are taken from Fannie Mae's Amended Complaint, including the attached exhibits. In August 2011, Fannie Mae, as the seller, entered into a Purchase and Sale Agreement for real property with Blankenship and Blalock as the purchasers. *See generally* Am. Compl. Ex. A, Purchase & Sale Agreement, ECF No. 15 at 1. Pursuant to the Purchase and Sale Agreement, Eddings served as the closing attorney. *Id.* ¶ 7. Fannie Mae alleges that Blankenship and Blalock "independently selected" Eddings to be the closing attorney "with no input, guidance, assistance, control, or approval from Fannie Mae." Am. Compl. ¶ 13, ECF No. 13.

On October 21, 2011, Eddings conducted a cash-sale real estate closing for the property in question. Prior to or at the closing, Blankenship and Blalock tendered the purchase price of $40,000.00 plus fees and costs to Eddings, which Eddings then deposited, less the brokers' commissions, into his escrow account. *See* Am. Compl. Ex. B, BB&T Outgoing Wire Transfer Request Agreement (Oct. 20, 2011), ECF No. 15 at 11 (listing

3

originator name as J. T. Blankenship and beneficiary name as Law Office of Michael A. Eddings, P.C.); Am. Compl. Ex. C, Beneficiary Transfer (Oct. 20, 2011), ECF No. 15 at 12 (listing debit party as Realty Management Services, Inc. and beneficiary as The Law Office of Michael Eddings, Escrow Account).

Fannie Mae executed a Warranty Deed to convey the property to Blankenship and Blalock. Am. Compl. Ex. E, Special Warranty Deed (Oct. 20, 2011), ECF No. 15 at 18. Fannie Mae was supposed to receive $37,600.25 from Eddings' escrow account as the net cash sales proceeds. Am. Compl. Ex. D, Settlement Statement 1, ECF No. 15 at 13. As part of the closing, Fannie Mae, Blankenship, and Blalock signed a "HUD-1 Certification," acknowledging the accuracy of the settlement statement that showed all receipts and disbursements regarding the transaction. Am. Compl. Ex. D, HUD-1 Certification, ECF No. 15 at 15. The HUD-1 Certification was prepared and signed by Eddings as the settlement agent. *Id.* There is no allegation that Fannie Mae ever objected to Eddings acting as the closing agent.

Fannie Mae alleges that Eddings never disbursed the net sales proceeds to it from his escrow account. Therefore, Fannie Mae is in the unenviable position of having deeded the property to Blankenship and Blalock without being paid for it. In addition to Eddings, Fannie Mae has sued Blankenship and Blalock

4

because they now have title to the property even though Fannie Mae never received the purchase proceeds from Eddings.

## DISCUSSION

The facts alleged by Fannie Mae are indistinguishable from those described by the Georgia Supreme Court in *Hayes v. Gordon*, 240 Ga. 19, 239 S.E.2d 344 (1977). In *Hayes*, a closing attorney for the sale of real property delivered a check drawn on the firm's account to the seller of the property that was later dishonored due to insufficient funds. *Id.* at 19, 239 S.E.2d at 345. After being unable to collect in a prior suit against the closing attorney, the seller sued the purchaser to cancel the warranty deed, cancel the deed to secure debt granted to the purchaser, and collect rent from the purchaser. *Id.* The purchaser and seller had entered into a closing statement, which included the following:

> [T]he names of the purchaser and seller, the location of the real estate, the date, and the purchase amount. It then set out the amounts to be disbursed for sales commission, transfer tax, recording and cancellation fees, discount, taxes, loan payments, closing costs and processing fee. The net balance due to the seller after these deductions was then set out. The agreement contained this statement: 'I have read the above and hereby authorize (the closing attorney) to make proper disbursements in my behalf as outlined above.' It was signed by the seller and the purchaser.

*Id.* at 20, 239 S.E.2d at 345. The Supreme Court of Georgia found that the agreement authorized the closing attorney to

5

receive funds into his escrow account from the purchaser for the amount of the purchase price and to make disbursements from that account to the seller for the net sales proceeds.  *Id.*  Concluding that "the seller impliedly, but clearly, authorized the closing attorney to receive payment from the purchaser on the seller's behalf," the court held that "when a seller authorizes a closing agent to receive payment of the sales price and the buyer, aware of that authorization, makes such payment to the closing agent, the seller must look to the closing agent for satisfaction."  *Id.*  Accordingly, the court affirmed the trial court's grant of summary judgment in favor of the purchaser.  *Id.*, 239 S.E.2d at 345-46.

The closing documents attached to Fannie Mae's Amended Complaint make it clear that Fannie Mae authorized Eddings to receive the purchase proceeds from Blankenship and Blalock for eventual disbursement of the net sales proceeds to Fannie Mae. Fannie Mae does not allege that the settlement statement was inaccurate or that Blankenship and Blalock had any reason to believe that Eddings was not authorized to receive the payment of the purchase price.  Fannie Mae's claim is that the net sales proceeds never made it from Eddings to Fannie Mae.  Under *Hayes*, Fannie Mae's claim is against Eddings, not Blalock and Blankenship as the purchasers of the property.

To the extent that Fannie Mae suggests that Blankenship and Blalock colluded in some way with Eddings to defraud Fannie Mae or to unlawfully convert Fannie Mae's property, the Court finds that Fannie Mae has failed to allege sufficient facts to support such claims. In light of *Hayes*, Fannie Mae's claims against Blankenship and Blalock are not plausible on their face. The facts alleged by Fannie Mae do not come close to nudging its claims beyond the speculative level. And no reasonable expectation exists that discovery will reveal evidence to support those claims. Accordingly, Fannie Mae's claims against Blankenship and Blalock must be dismissed.

## CONCLUSION

For the reasons explained in this Order, the Court grants Defendants Blalock's and Blankenship's motion to dismiss (ECF No. 23).

IT IS SO ORDERED, this 13th day of March, 2013.

S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE