```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF GEORGIA
                       COLUMBUS DIVISION
```

| | | |
|---|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, | * | |
| | * | |
|     Plaintiff, | | |
| | * | |
| vs. | | CASE NO. 4:12-CV-72 (CDL) |
| | * | |
| MICHAEL A. EDDINGS, THE LAW OFFICE OF MICHAEL A. EDDINGS, P.C., and APEX TITLE, INC., | * | |
| | * | |
|     Defendants. | | |
| | * | |

O R D E R

Defendants Michael A. Eddings, The Law Office of Michael A. Eddings, P.C., and Apex Title, Inc. (collectively, "Eddings Defendants") conducted two real estate closings for property sold by Plaintiff Federal National Mortgage Association ("Fannie Mae"). Although the buyers wired funds into the Eddings Defendants' trust account and Fannie Mae deeded the properties to the buyers, the Eddings Defendants never disbursed those funds to Fannie Mae. Fannie Mae now seeks to recover under several theories, including money had and received, breach of fiduciary duty, conversion, and fraud. Presently pending before the Court is Fannie Mae's Motion for Summary Judgment (ECF No. 43), which is unopposed. As discussed below, the motion is granted.

SUMMARY JUDGMENT STANDARD

Summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether a *genuine* dispute of *material* fact exists to defeat a motion for summary judgment, the evidence is viewed in the light most favorable to the party opposing summary judgment, drawing all justifiable inferences in the opposing party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A fact is *material* if it is relevant or necessary to the outcome of the suit. *Id.* at 248. A factual dispute is *genuine* if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Id.*

FACTUAL BACKGROUND

Eddings did not respond to Fannie Mae's summary judgment motion or statement of material facts. Fannie Mae's fact statements are thus deemed admitted pursuant to Local Rule 56. The Court must still review Fannie Mae's citations to the record to determine whether a genuine fact dispute exists. *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1303 (11th Cir. 2009). The materials submitted by Fannie Mae in support of its summary judgment motion establish the following.[1]

---

[1] Fannie Mae relies in part on its requests for admissions, which are deemed admitted pursuant to Federal Rule of Civil Procedure 36(a)(3)

The Eddings Defendants maintained a trust account with a local bank. The Eddings Defendants, serving as closing attorney and settlement agent, conducted real estate closings of two properties sold by Fannie Mae. The first real estate closing was for the property located at 4731 11th Avenue, Apt. 6 in Columbus, Georgia. Fannie Mae sold that property to two buyers. The buyers wired funds totaling $40,000.00 into the Eddings Defendants' trust account, Fannie Mae deeded the property to the buyers, and Fannie Mae was due to receive $37,600.25. The Eddings Defendants failed to disburse the sale proceeds to Fannie Mae, and Fannie Mae received no proceeds from the sale. Instead, the Eddings Defendants kept the sale proceeds.

The second real estate closing was for property located at 5207 Summerbrooke Lane in Phenix City, Alabama. Fannie Mae sold that property to one buyer. The buyer wired funds totaling $194,137.49 into the Eddings Defendants' trust account, Fannie Mae deeded the property to the buyer, and Fannie Mae was due to receive $174,825.20. The Eddings Defendants failed to disburse the sale proceeds to Fannie Mae, and Fannie Mae received no proceeds from the sale. Instead, the Eddings Defendants kept the sale proceeds.

---

because the Eddings Defendants never responded to Fannie Mae's requests for admissions and never asked that the deemed admissions be withdrawn or amended.

3

The Eddings Defendants had represented that they would disburse the proceeds from both sales to Fannie Mae even though they knew the representation was false. Fannie Mae demanded in writing that the Eddings Defendants disburse the sale proceeds totaling $212,425.45 to Fannie Mae, but the Eddings Defendants never disbursed the funds.

## DISCUSSION

Fannie Mae seeks to recover under several theories, including (1) money had and received, (2) breach of fiduciary duty, (3) conversion, and (4) fraud. The Court is satisfied that Fannie Mae has established the elements of each claim.

"An action for money had and received is founded upon the equitable principle that no one ought unjustly to enrich himself at the expense of another, and is maintainable in all cases where one has received money under such circumstances that in equity and good conscience he ought not to retain it," and in justice and fairness "it belongs to another." *Haugabook v. Crisler*, 297 Ga. App. 428, 431, 677 S.E.2d 355, 358 (2009) (internal quotation marks omitted). It does not matter how the money came "into the defendant's hands, and the fact that it was received from a third person will not affect his liability, if, in equity and good conscience, he is not entitled to hold it against the true owner." *Id.* at 432, 677 S.E.2d at 359 (internal quotation marks omitted). Here, it is undisputed that

4

the Eddings Defendants received and held sale proceeds totaling $212,425.45. It is also undisputed that the money did not belong to the Eddings Defendants and that it was due to Fannie Mae. Therefore, Fannie Mae prevails on its money had and received claim.

"In an action for breach of fiduciary duty, establishing a claim requires proof of three elements: (1) the existence of a fiduciary duty; (2) breach of that duty; and (3) damage proximately caused by that breach." *Rollins v. Rollins*, 321 Ga. App. 140, 150-51, 741 S.E.2d 251, 259 (2013) (internal quotation marks omitted). An attorney who participates in the closing of a real estate transaction "is a fiduciary with respect to the closing proceeds, which must be handled in accordance with the trust account and IOLTA provisions in" the Georgia Rules of Professional Conduct. Formal Advisory Op. No. 04-1, 280 Ga. 227, 228, 626 S.E.2d 480, 481 (2006) (per curiam). Here, it is undisputed that the Eddings Defendants had a duty to hold the sale proceeds in a trust account separate from the Eddings Defendants' own funds and that the Eddings Defendants had a duty to disburse those funds to Fannie Mae. It is also undisputed that the Eddings Defendants breached that duty by failing to disburse the sale proceeds totaling $212,425.45 to Fannie Mae. Finally, it is undisputed that Fannie Mae suffered damages in the form of lost proceeds because of the Eddings Defendants'

5

breach.  Therefore, Fannie Mae prevails on its breach of fiduciary duty claim.

"Conversion consists of an unauthorized assumption and exercise of the right of ownership over personal property belonging to another, in hostility to his rights; an act of dominion over the personal property of another inconsistent with his rights; or an unauthorized appropriation."  *Trey Inman & Assocs., P.C. v. Bank of Am., N.A.*, 306 Ga. App. 451, 457, 702 S.E.2d 711, 716 (2010) (internal quotation marks omitted).  To establish conversion, Fannie Mae must show "(1) title to the property or the right of possession, (2) actual possession in the other party, (3) demand for return of the property, and (4) refusal by the other party to return the property."  *Id.* (internal quotation marks omitted).  Though money is "fungible intangible personal property" that is generally not subject to an action for conversion, a "specific and identifiable" amount of money placed on deposit in a bank can be a proper subject for a conversion claim.  *Id.* at 458, 702 S.E.2d at 717 (internal quotation marks omitted).  Here, Fannie Mae had a right to the $212,425.45 in sale proceeds that were wired to the Eddings Defendants' trust account, but the Eddings Defendants retained possession of the funds despite Fannie Mae's demand for them.  Thus, Fannie Mae prevails on its conversion claim.

6

To state a claim for fraud, Fannie Mae must establish "(1) false representation made by the defendant; (2) scienter, the intent to deceive; (3) intent to induce the plaintiff to act or refrain from acting in reliance upon the representation; (4) justifiable reliance by the plaintiff upon the representation; and (5) damages directly and proximately caused by reliance." *Middleton v. Troy Young Realty, Inc.*, 257 Ga. App. 771, 772, 572 S.E.2d 334, 336 (2002).  Here, the present record supports the conclusion that the Eddings Defendants represented that they would disburse the sale proceeds to Fannie Mae, even though they knew that representation was false because they knew they would not disburse the funds.  Fannie Mae has also established for purposes of the present motion that the Eddings Defendants made this representation to induce Fannie Mae to convey the two properties and that Fannie Mae relied on the representation to its detriment.  Fannie Mae therefore prevails on its fraud claim.

## CONCLUSION

As discussed above, the Court grants Fannie Mae's Motion for Summary Judgment (ECF No. 43).  The Eddings Defendants owe Fannie Mae $212,425.45 as a matter of law.  Fannie Mae did not seek summary judgment on its claims for attorneys' fees or punitive damages.  Within 14 days of today's Order, Fannie Mae shall file an amended motion for summary judgment as to those

claims, notify the Court that summary judgment is not appropriate as to those claims, or notify the Court that it has abandoned those claims.  Final judgment will be entered when all claims that are being actively pursued have been adjudicated.

    IT IS SO ORDERED, this 10th day of December, 2013.

                                  S/Clay D. Land
                                      CLAY D. LAND
                         UNITED STATES DISTRICT JUDGE